Filed 11/20/13  P. v. Cardenas-Rodriguez CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E058389 |
| v. | (Super.Ct.No. CR67529) |
| MANUEL ISAIAS CARDENAS-RODRIGUEZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Robert G. Spitzer and Becky Dugan, Judges.  Affirmed.

Alan Yockelson, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In 1997, defendant and appellant Manuel Isaias Cardenas-Rodriguez pleaded guilty to several offenses related to possession of controlled substances, together with offenses and enhancements relating to possession of firearms (substantive offense of

1

possession of firearms by an ex-felon, and enhancements of possession of firearms in connection with possession of drugs). Defendant was sentenced as a third striker to a term of 26 years to life in state prison.

In 2012, after passage of the Three Strikes Reform Act of 2012 (Proposition 36), reforming the California "Three Strikes" law, defendant filed a petition to recall his sentence and for resentencing. The trial court denied defendant's resentencing petition, finding him ineligible for resentencing under Penal Code section 1170.126.

Defendant has filed a notice of appeal. We affirm the trial court's ruling.

<u>FACTS AND PROCEDURAL HISTORY</u>

The salient events underlying the convictions took place in 1997. Sheriff's deputies received a tip from a confidential informant, to the effect that defendant was living in a converted garage, and would trade methamphetamine or heroin for guns, tools, or other property. Deputies conducted a parole search, which turned up some heroin packaged in four bindles hidden near the shower. Defendant had some heroin and some marijuana in his jacket pocket. Deputies also found a .22-caliber revolver and a nine-millimeter handgun, as well as electronic and triple-beam scales (bearing traces of white powder), and almost $2,000 in cash in various places in the house.

As a result, defendant was charged in count 1 with possession of heroin for sale (Health & Saf. Code, § 11351), together with a gun possession enhancement (Pen. Code, § 12022, subd. (c)), in count 2 with possession of methamphetamine for sale (Health & Saf. Code, § 11378), together with another gun possession enhancement (Pen. Code,

2

§ 12022, subd. (c)), in counts 3 and 4 with being a felon in possession of a firearm (Pen. Code, § 12021, subd. (a)(1)), in count 5 with possession of methamphetamine while armed with a loaded firearm (Health & Saf. Code, § 11370.1), and in count 6 with possession of heroin while armed with a loaded firearm (*ibid.*). The information also alleged two prior serious offenses and two strike priors (both types of prior offense allegations were based on the same two prior convictions for residential burglary).

Defendant ultimately pleaded guilty to the court to counts 1, 2, 3, 5, and 6, while count 4 (one of the felon in possession of a firearm counts) was dismissed. Defendant also admitted the firearm enhancements and the strike priors. The plea specified that defendant would receive a three strikes life sentence, with a minimum of 26 years. The court followed the sentence recommendation.

Since the time of sentencing, defendant has been serving his sentence in state prison. In December 2012, after the passage of Proposition 36, reforming the California Three Strikes law, defendant wrote to his former attorney, seeking assistance in filing a petition for resentencing under Proposition 36. Defendant stated that he felt he qualified for resentencing, because he viewed his 1997 (third-strike) offenses as nonviolent. The court accepted defendant's letter for filing as a petition for resentencing.

The People opposed defendant's petition, on the ground that the current conviction did not qualify for resentencing, because defendant was armed with a firearm in the commission of the offenses. The People also alleged that defendant posed a risk of danger to public safety. The trial court found defendant ineligible for resentencing under

Penal Code section 1170.126, because defendant had admitted being armed with a firearm with respect to some of the offenses to which he pleaded guilty.

Defendant appealed from the trial court's order denying his petition for resentencing.

ANALYSIS

Defendant has appealed, and this court has appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 [87 S.Ct. 1396, 18 L.Ed.2d 493], setting forth a statement of the case, and identifying one possible arguable issue on appeal: whether the trial court properly denied defendant's petition for three strikes resentencing.

Defendant has been afforded the opportunity to file a personal supplemental brief, which he has done. He raises two potential arguable issues: whether the guilty pleas were involuntary because defendant was not advised of the immigration consequences of his plea, and whether he was wrongfully deprived of the benefit of being resentenced.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the entire record and find no arguable issues.

Here, it is plain that the trial court properly denied defendant's petition for three strikes resentencing. Three strikes resentencing under Proposition 36 is intended to benefit those three strikes offenders whose third-strike offenses are not violent or dangerous. Under Penal Code section 1170.12, subdivision (c)(2)(C)(iii), a person is not eligible for more lenient resentencing under the reform act if, "[d]uring the commission

4

of the current offense, the defendant used a firearm, was armed with a firearm or deadly weapon, or intended to cause great bodily injury to another person." Defendant here expressly admitted that he was armed with a firearm during the commission of some of the offenses, and admitted enhancements that he was armed with a firearm in the commission of others. The language of the Proposition 36 eligibility provisions is plain, as the trial court determined, and defendant is statutorily ineligible for resentencing under Proposition 36's scheme.

Defendant raises a similar argument under the rubric that it was a part of his plea bargain that he would receive the benefit of resentencing, if the Three Strikes law were amended in the future. Defendant thus characterizes the issue as one of a violation of a plea agreement. There was no plea bargain, as such. The trial court expressly pointed out that the guilty pleas were made to the court, and not as a result of any plea bargain with the People. It was a straight plea to the court. There was therefore no "plea bargain" that could be breached. Moreover, there is nothing in the record whatsoever to support defendant's claim that he made the bargain "on the premise that if the [] Three Str[i]kes Law . . . was to be amended in the future that [he] would receive the benefit of being resentenced." Whether defendant would be eligible for resentencing upon amendment of the Three Strikes law is dependent entirely on the provisions of any such amendment. As noted, the statutory provisions of Proposition 36 expressly provide that defendant is not eligible for resentencing.

As to defendant's claim that his plea was involuntary because the court failed to advise him that he could be deported as a consequence of the guilty plea, we find it is without merit. First, this issue should have been raised on initial appeal from the judgment in 1997. It is too late to raise it now. (*People v. Senior* (1995) 33 Cal.App.4th 531, 536.) Second, the record belies the claim. The trial court did expressly advise defendant, on the record, during the taking of the plea, that he could be deported as a result of the plea or conviction, if he was not a citizen of the United States.

After due examination of the record, we have discovered no arguable issues.

<u>DISPOSITION</u>

The order denying defendant's petition for resentencing is affirmed. To the extent that the appeal purports to challenge the judgment, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER<u>           </u>
Acting P. J.

We concur:

RICHLI<u>            </u>
J.

CODRINGTON<u>         </u>
J.

6